## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETS

| | |
|---|---|
| **BRIAN KINGHAM,** individually and on behalf of similarly situated persons, | |
| Plaintiff, | |
| | **Case No. _____** |
| **v.** | |
| **SOUTH PIE COMPANY, INC., HOLBROOK PIZZA COMPANY, INC. d/b/a DOMINO'S PIZZA and BEN HALIL GOZALICI,** | **Jury Demanded** |
| Defendants. | |

## <u>ORIGINAL COMPLAINT</u>

Plaintiff Brian Kingham ("Plaintiff"), individually and on behalf of all other similarly situated delivery drivers, brings this Complaint against Defendants South Pie Company, Inc., Holbrook Pizza Company, Inc., d/b/a Domino's Pizza and Ben Halil Gozalici and alleges as follows:

1.      Defendants operate numerous Domino's Pizza franchise stores. Defendants employ delivery drivers who use their own automobiles to deliver pizza and other food items to their customers. However, instead of reimbursing delivery drivers for the reasonably approximate costs of the business use of their vehicles, Defendants use a flawed method to determine reimbursement rates that provides such an unreasonably low rate beneath any reasonable approximation of the expenses they incur that the drivers' unreimbursed expenses cause their wages to fall below the federal minimum wage during some or all workweeks (nominal wages – unreimbursed vehicle costs = subminimum net wages).

2.      Plaintiff brings this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* to recover unpaid minimum wages and overtime hours owed to himself and similarly situated delivery drivers employed by Defendants at its Domino's stores.

**Jurisdiction and Venue**

3.      The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

4.      Venue in this District is proper under 28 U.S.C. § 1391 because Defendants employed Plaintiff in this District, Defendants operate Domino's franchise stores in this District, and a substantial part of the events giving rise to the claim herein occurred in this District.

**Parties**

5.      Defendant, Holbrook Pizza Company, Inc. d/b/a Domino's Pizza is a Massachusetts corporation maintaining its principal place of business in at 23 Back Cat Road, Plymouth, MA 02360. Holbrook Pizza Company, Inc. may be served via its registered agent Ben Halil Gozalici, at 23 Back Cat Road, Plymouth, MA 02360, or wherever he may be found.

6.      Defendant, South Pie Company, Inc. d/b/a Domino's Pizza is a Massachusetts corporation maintaining its principal place of business at 5-15 Main Street Ext, Plymouth, MA 02360. South Pie Company, Inc. may be served via its registered agent Ben Halil Gozalici, at 5-15 Main Street Ext, Plymouth, MA 02360, or wherever he may be found.

7.      Defendant, Ben Halil Gozalici is individually liable because, during the relevant times, he was an owner of substantial interests in defendant, served as officer of the entity, and held managerial responsibilities and substantial control over terms and conditions of drivers' work as they held the power to hire and fire, supervised and controlled work schedules and/or conditions of employment, determined rates and methods of pay and/or expense reimbursements, and maintained employment records and/or held control over employment records. Defendant may be served at 23 Back Cat Road, Plymouth, MA 02360, or wherever he may be found.

8.      Plaintiff was employed by Defendants from July 2021 until March 2023 as a

delivery driver at Defendants' Domino's store located in Holbrook, Massachusetts. Plaintiff's consent to pursue this claim under the FLSA is attached to this Original Complaint as "Exhibit 1."

### General Allegations

#### *Defendants' Business*

9.    Defendants own and operate numerous Domino's franchise stores in Massachusetts, including stores within this District and this Division.

10.   Ben Halil Gozalici is an owner, officer and director of corporate Defendant South Pie Company, Inc. In this capacity, Ben Halil Gozalici put the pay scheme at issue in place, has overseen and enforced Defendants' pay practices, and is, therefore, individually liable for the violations at issue.

11.   Ben Halil Gozalici is an owner, officer and director of corporate Defendant Holbrook Pizza Company, Inc. In this capacity, Ben Halil Gozalici put the pay scheme at issue in place, has overseen and enforced Defendants' pay practices, and is, therefore, individually liable for the violations at issue.

12.   Defendants' Domino's stores employ delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to customers' homes or workplaces.

#### *Defendants' Flawed Automobile Reimbursement Policy*

13.    Defendants require their delivery drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items.

14.    Defendants' delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizza and other food items for the primary benefit of Defendants.

15.    Defendants' delivery driver reimbursement policy reimburses drivers on a per-mile basis, but the per-mile reimbursement equates to below the IRS business mileage reimbursement

rate or any other reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of Defendants' delivery drivers.

16.     The result of Defendants' delivery driver reimbursement policy is a reimbursement of much less than a reasonable approximation of its drivers' automobile expenses.

17.     During the applicable FLSA limitations period, the IRS business mileage reimbursement rate ranged between $.545 and $.58 per mile. Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the AAA, have determined that the average cost of owning and operating a vehicle ranged between $.571 and $.608 per mile during the same period for drivers who drive 15,000 miles per year. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas.

18.     However, the driving conditions associated with the pizza delivery business cause even more frequent maintenance costs, higher costs due to repairs associated with driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendants' delivery drivers further experience lower gas mileage and higher repair costs than the average driver used to determine the average cost of owning and operating a vehicle described above due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

19.     Defendants' reimbursement policy does not reimburse delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicle, and thus Defendants uniformly fail to reimburse its delivery drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendants' benefit.

20.     Defendants' systematic failure to adequately reimburse automobile expenses

constitutes a "kickback" to Defendants such that the hourly wages it pays to Plaintiff and Defendants' other delivery drivers are not paid free and clear of all outstanding obligations to Defendants.

21.     Defendants fail to reasonably approximate the amount of their drivers' automobile expenses to such an extent that its drivers' net wages are diminished beneath the federal minimum wage requirements.

22.     In sum, Defendants' reimbursement policy and methodology fail to reflect the realities of delivery drivers' automobile expenses.

### Defendants' Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations

23.     Regardless of the precise amount of the per-mile reimbursement at any given point in time, Defendants' reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal minimum wage.

24.     Plaintiff was paid $6.00 per hour while making deliveries during his employment with Defendants, including a tip credit applicable to the time he performed deliveries.

25.     The federal minimum wage has been $7.25 per hour since July 24, 2009.

26.     During the time Plaintiff worked for Defendants as a delivery driver, he was reimbursed just $.35 per mile and drove an average of 10 or more miles per delivery.

27.   During the relevant time period, the IRS business mileage reimbursement rate ranged between $.545 and $.58 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates. Using the lowest IRS rate and the highest rate per mile Plaintiff was making per mile driven ($.35 per mile) in effect during that period as a reasonable approximation of Plaintiff's automobile expenses, every mile driven on the job decreased her net wages by at least $.195 ($.545 - $.35)

per mile.

28.  During her employment by Defendants, Plaintiff regularly made 5 or more deliveries per hour. Thus using even a conservative under-estimate of Plaintiff's actual expenses and damages, every hour on the job decreased Plaintiff's net wages by at least $9.75 ($.195 x 10 miles/delivery x 5 deliveries/hour = $9.75), resulting in an hourly wage rate well below the applicable minimum wage.

29.  All of Defendants' delivery drivers had similar experiences to those of Plaintiff. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid at or near the federal minimum wage before deducting unreimbursed business expenses.

30.  Because Defendants paid their drivers a gross hourly wage at precisely, or at least very close to, the federal minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked back" to Defendants an amount sufficient to cause minimum wage violations.

31.  While the amount of Defendants' actual reimbursements per mile may vary over time, Defendants are relying on the same flawed policy and methodology with respect to all delivery drivers at all of their other Domino's stores. Thus, although reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

32.  Defendants' low reimbursement rates were a frequent complaint of Defendants' delivery drivers, which resulted in discussions with management, yet Defendants continued to reimburse at a rate much less than any reasonable approximation of delivery drivers' automobile expenses. In fact, there were times that Defendants would not pay Plaintiff and other Drivers anything for

mileage or would deduct pay from their mileage amounts.

33.     The net effect of Defendants' flawed reimbursement policy is that Defendants have willfully failed to pay the federal minimum wage to their delivery drivers. Defendants thereby enjoys ill-gained profits at the expense of its employees.

### Collective Action Allegations

34.     Plaintiff brings this FLSA claim as an "opt-in" collective action on behalf of similarly situated delivery drivers pursuant to 29 U.S.C. § 216(b).

35.     The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

36.     Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendants' practice of failing to pay employees federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records, and potential class members may be notified of the pendency of this action via mail and electronic means.

37.     Plaintiff and all of Defendants' delivery drivers are similarly situated in that:

a.      They have worked as delivery drivers for Defendants delivering pizza and other food items to Defendants' customers;

b.      They have delivered pizza and food items using automobiles not owned or maintained by Defendants;

c.      Defendants required them to maintain these automobiles in a safe, legally-operable, and insured condition;

d.      They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendants;

e.      They were subject to similar driving conditions, automobile expenses, delivery

distances, and delivery frequencies;

f.      They were subject to the same pay policies and practices of Defendants;

g.      They were subject to the same delivery driver reimbursement policy that under-estimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

h.      They were reimbursed similar set amounts of automobile expenses per delivery; and,

i.       They were paid at or near the federal minimum wage before deducting unreimbursed business expenses.

**Count I: Violation of the Fair Labor Standards Act of 1938**

38.     Plaintiff reasserts and re-alleges the allegations set forth above.

39.     The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

40.     Defendants are subject to the FLSA's minimum wage requirements because corporate Defendant is an enterprise engaged in interstate commerce, and its employees are engaged in commerce.

41.     At all relevant times herein, Plaintiff and all other similarly situated delivery drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

42.     Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

43.      Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

44.      As alleged herein, Defendants have reimbursed delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

45.      Defendants knew or should have known that their pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the federal minimum wage.

46.      Defendants, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

47.      Plaintiff and all similarly situated delivery drivers are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employees in Defendants' stores.

48.      Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for, whether its conduct was unlawful.

49.      Defendants have acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants are not liable for liquidated damages, Plaintiff and all similarly situated

employees are entitled to an award of prejudgment interest at the applicable legal rate.

50.    As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Class demand judgment against Defendants and pray for: (1) compensatory damages; (2) liquidated damages, (3) costs of litigation and attorney's fees as provided by law; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### **Demand for Jury Trial**

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Respectfully submitted,

*/s/ Samuel A. Martin*
SAMUEL A. MARTIN (SBN 703680)
Counsel for Plaintiff
WALSH LAW
1050 Connecticut Ave. NW, Ste. 500
Washington, DC 20036
T:(202)780-3014
F: (202) 780-3678
smartin@alexwalshlaw.com

*Attorney for the Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

Service will be made on Defendants with summons to be issued by the clerk according to

the Federal Rules of Civil Procedure.

<u>/s/ Samuel A. Martin</u>
**Samuel A. Martin**